**Domenic CANDITO, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CITY OF PHILADELPHIA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 28, 2001.
Decided Oct. 31, 2001.

Michael LaRosa, Havertown, for petitioner.

Martin G. Malloy, Philadelphia, for respondent.

Before PELLEGRINI, Judge, FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

Judge PELLEGRINI.

Domenic Candito (Claimant) appeals from an order of the Workers' Compensation Appeal Board (Board) affirming the Workers' Compensation Judge's (WCJ) decision denying his penalty petition for the City of Philadelphia's (Employer) failure to pay a workers' compensation award within 30 days because it had timely filed for a request for supersedeas that was ultimately granted.

On February 18, 1994, Claimant filed a claim petition for specific loss benefits for injuries he sustained while working for Employer as an Abandoned Auto Officer for the City of Philadelphia Police Department. Because Employer failed to timely respond to the petition and offered a justifiable excuse for the delay, based on the averments contained in Claimant's peti-

tion, the WCJ awarded specific loss and total disability benefits to Claimant and ordered Employer to pay Claimant's litigation costs for its unreasonable contest of the claim.

Employer appealed to the Board which affirmed the WCJ's decision on December 16, 1998. On January 14, 1999, Employer timely appealed the Board's decision to this Court and pursuant to Pa. R.A.P. 1781(a),[1] filed a petition for supersedeas with the Board which it denied on February 5, 1999. On February 16, 1999, Employer filed an application for supersedeas with this Court pursuant to Pa. R.A.P. 1781(c),[2] which we subsequently granted on March 9, 1999.

At the same time, Claimant filed a penalty petition alleging that Employer was obligated to commence payment of compensation benefits claiming penalties from January 16, 1999, 30 days following the Board's order affirming the WCJ's award, through March 8, 1999, the date of this Court's order granting supersedeas. By failing to pay the benefits awarded, Claimant contended that Employer violated Section 428 of the Workers' Compensation Act (Act), 77 P.S. § 921,[3] requiring an employer to commence payments of benefits within 30 days of the date on which its obligation to pay arises.

Finding that Employer had timely filed its appeals and requests for supersedeas and was not in default of any benefits

---

1. Pa. R.A.P. 1781(a) specifically provides that an "[a]pplication for a stay or supersedeas of an order or other determination of any government unit pending review in an appellate court on petition for review shall ordinarily be made in the first instance to the government unit."

2. Pa. R.A.P. 1781(c) specifically provides:
Upon such notice to the government unit as is required by Rule 123 (applications for relief) the appellate court, or a judge thereof, may grant an order of stay or supersede-

as, including the grant of an injunction pending review or relief in the nature of peremptory mandamus, upon such terms and conditions, including the filing of security, as the court or the judge thereof may prescribe.

3. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 921. Section 428 provides that "the employer ... shall be in default in compensation payments for thirty days or more...".

owed to Claimant, the WCJ denied Claimant's penalty petition. The WCJ determined that Employer's obligation to pay Claimant's benefits did not arise until March 12, 1999, 30 days after Employer received the Board's order on February 10, 1999, denying its request for supersedeas. Because we granted Employer's supersedeas request on March 9, 1999, the WCJ found that Employer was divested of any obligation to pay Claimant's benefits while its appeal before this Court was pending. Claimant appealed this decision to the Board. Finding that in timely following the procedural mandates necessary to request a supersedeas that Employer's obligation to pay benefits did not arise until its request for supersedeas was denied, the Board affirmed the WCJ's order. This appeal followed.[4]

As before the Board, Claimant contends that the 30 day time limit for paying benefits owed to a claimant begins to run when the order to pay is entered and no supersedeas has been granted, i.e., 30 days following the Board's order affirming the WCJ's decision. It argues that until we granted Employer's supersedeas request, Employer was not divested of the obligation imposed by Section 428 of the Act to commence compensation payments within 30 days of the order granting such payments, and, therefore, the imposition of penalties was appropriate.

 Section 435 of the Act, 77 P.S. § 991, confers power on a WCJ to award a penalty where there is a violation of the Act or the rules and regulations issued pursuant to the Act.[5] *Galloway v. Workers' Compensation Appeal Board (Pennsylvania State Police),* 756 A.2d 1209 (Pa. Cmwlth.2000); *Moore v. Workmen's Compensation Appeal Board (Reading Paperboard Corp.),* 676 A.2d 690 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 546 Pa. 658, 684 A.2d 559 (1996). However, the imposition of a penalty is at the discretion of the WCJ and is not required, even if a violation of the Act is apparent on the record. *Galloway; Moore.* Because the assessment of penalties, as well as the amount of penalties imposed is discretionary, we will not overturn a penalty on appeal absent an abuse of discretion by the WCJ. *Essroc Materials v. Workers' Compensation Appeal Board (Braho),* 741 A.2d 820 (Pa.Cmwlth.1999). An abuse of discretion is not merely an error of judgment, but among other reasons, occurs when the law is misapplied in reaching a conclusion. *Commonwealth v. Rucci,* 543 Pa. 261, 670 A.2d 1129 (1996).

This case presents an issue that we never squarely addressed before reconciling the requirement of Section 428 of the Act that payments commence within 30 days with whether it was an abuse of discretion for penalties not to be awarded by an

---

**4.** This court's review over an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Petrisek),* 537 Pa. 32, 640 A.2d 1266 (1994).

**5.** Section 435(d) of the Act, 77 P.S. § 991(d), provides:

(d) The department, the board, or any court which may hear any proceedings brought

under this act shall have the power to impose penalties as provided herein for violation of the provisions of this act or such rules and regulations or rules of procedure.

(i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to twenty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

expeditious request with this Court for a supersedeas that was ultimately granted.

Section 413 of the Act, 77 P.S. § 774,[6] dealing with the grant of a supersedeas, imposes on the employer the responsibility to request a supersedeas during the appeal process or to make compensation payments. Where a party appeals a Board order awarding or ceasing benefits, Pa. R.A.P. 1781(a) requires that a petition for supersedeas must initially be filed with the Board. The petition must be filed within 20 days of the order, and the party opposing a supersedeas has ten days in which to respond to the petition. 34 Pa.Code § 111.22; 34 Pa.Code § 111.23.[7] The Board is required by 34 Pa.Code § 111.24(b)[8] to render a decision granting or denying supersedeas within 20 days following the receipt or due date of a claim-

ant's answer, and if no decision is rendered at this time, the request for supersedeas is deemed denied.[9] In effect, what the Board presumably held in this case is that the regulation tolled the time to commence payment while it was processing Employer's supersedeas request, and Employer had 30 days from the date it denied the request to commence making payments. The Board then held that because we granted the supersedeas within those 30 days, Employer never had an obligation to pay, making the imposition of penalties inappropriate.[10]

■ In *Crucible, Inc. v. Workmen's Compensation Appeal Board (Vinovich)*, 713 A.2d 749 (Pa.Cmwlth.1998), we dealt with an issue somewhat similar to this one. In that case, the issue was whether a WCJ abused his discretion in assessing a penal-

6. Section 413 specifically provides:

> In any other case, a petition to terminate, suspend or modify a compensation agreement or other payment arrangement or award as provided in this section shall not automatically operate as a supersedeas but may be designated as a request for a supersedeas, which may then be granted at the discretion of the workers' compensation judge hearing the case. A supersedeas shall serve to suspend the payment of compensation in whole or to such extent as the facts alleged in the petition would, if proved, require. The workers' compensation judge hearing the case shall rule on the request for a supersedeas as soon as possible and may approve the request if proof of a change in medical status, or proof of any other fact which would serve to modify or terminate payment of compensation is submitted with the petition.

7. 34 Pa.Code § 111.22 provides that "a request for supersedeas shall be filed with the Board within the time allowed by law for appeal from the referee's decision or Board order from which the supersedeas is requested." In addition, Section 111.23 states that "an answer to a request for supersedeas may be filed with the Board within 10 days of service of the request for supersedeas."

8. 34 Pa.Code § 111.24 provides that "the Board will rule on requests for supersedeas within 20 days of the date when the answer is due or the answer is received, whichever occurs first, or the request shall be deemed denied."

9. This provision creating the 20 day deemed denial period became effective in 1989. Prior to this time, if there was an excessive delay by the Board in ruling on a supersedeas request, an employer was to have presumed that its request was denied and honor its obligation to begin compensation payments. *See Cunningham v. Workmen's Compensation Appeal Board (Inglis House)*, 156 Pa.Cmwlth.241, 627 A.2d 218 (1993) (holding that the Board's four-month delay in rendering a decision concerning employer's supersedeas request was untimely and the delay was tantamount to a denial); *M.D.S. Laboratories v. Workmen's Compensation Appeal Board (Munchinski)*, 125 Pa.Cmwlth.460, 558 A.2d 148 (1989) (holding that employer should have presumed that a 10 month delay by the Board was a deemed denial of its supersedeas request).

10. We can find no rule that specifically addresses the time frame in which a request for supersedeas must be made with this Court upon the Board's denial.

ty on the sum paid for the specific loss benefits, medical expenses, attorney fees and costs because that sum was paid within 30 days of the order issued by this Court denying the petition for supersedeas and within 90 days of the Board's decision affirming the WCJ's decision. We held that an employer does not escape liability for payments simply by filing a supersedeas request, and because its request must be actually granted in order to cease the payment of benefits during the litigation process, the employer was obligated to pay penalties for the entire period. However, this case is different because, here, the issue is whether the WCJ abused his discretion by failing to award penalties for Employer when ultimately the supersedeas request was granted by this Court and not denied as it was in *Crucible*. The question then is whether those distinctions make a difference.

In this case, Employer expeditiously filed a request for a supersedeas, and the Board's own regulations reasonably allowed it to file its order denying or allowing the supersedeas request within 20 days, after the 30 days for payment was to commence. To hold that an employer is liable for penalties for not paying compen-

sation when its request for supersedeas is pending is, in effect, to make an employer's right to seek a supersedeas in most instances a nullity. Moreover, when we grant a request for a supersedeas that the Board initially denied, in effect, we are holding that it erred in doing so. Taken together, those reasons are sufficient to conclude that the WCJ and Board did not abuse their discretion in denying penalties. However, consistent with *Crucible*, if we had ultimately denied the supersedeas request, Employer may be liable for penalties for the entire period of non-payment.

Accordingly, the order of the Board is affirmed.

### O R D E R

AND NOW, this 31st day of October, 2001, the order of the Workers' Compensation Appeal Board, dated May 25, 2001, is affirmed.