**Dr. Arnold LINCOW, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (PRUDENTIAL SECURITIES, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 8, 2003.

Decided Sept. 19, 2003.

Brian R. Steiner, Philadelphia, for petitioner.

Audrey E. Timm, Philadelphia, for respondent.

BEFORE: COLINS, President Judge, LEADBETTER, Judge, and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

Dr. Arnold Lincow (Provider), the treating physician for Angela Schell (Claimant), petitions for review of the March 10, 2003 order of the Workers' Compensation Appeal Board (Board) that affirmed the order of the Workers' Compensation Judge (WCJ) denying Provider's penalty petition. We affirm.

On January 9, 1995, Claimant sustained a compensable injury described as a lum-

bar sprain. Pursuant to a notice of compensation payable issued by Prudential Securities, Inc. (Employer), Claimant received total disability benefits. On March 30, 1995, Employer filed a termination petition alleging that Claimant was fully recovered by February 16, 1995.

On October 23, 1995, Provider filed a petition to review utilization review determination (UR review) alleging that the treatment rendered to Claimant was reasonable and necessary.[1] Employer's termination petition and Provider's UR review petition were consolidated for disposition by the WCJ.

On January 30, 1998, the WCJ circulated a decision and order denying both petitions. Provider appealed the denial of the UR review petition to the Board and Employer filed a second termination petition. On July 29, 1999, Claimant and Employer entered into a compromise and release (C & R), which was approved by the WCJ. Paragraph 10 of the C & R provided that "[u]pon approval of this agreement, the employer/insurer is released from liability for any and all medical benefits under the Pennsylvania Workers' Compensation Act."[2] R.R. 14a. Further, Paragraph 16 of the C & R provided that "[t]his agreement resolves the pending Termination Petition before [the WCJ] and the pending Appeal before the Workers' Compensation Appeal Board." R.R. 15a.

By letter dated September 15, 1999, Employer notified the Board about the WCJ's approval of the C & R. Nevertheless, on December 15, 1999, the Board issued an opinion and order determining that Employer failed to offer any competent evidence that Provider's treatment of Claimant was not reasonable or necessary and reversing the WCJ's denial of Provider's UR review petition.

Employer appealed from the Board's decision and argued in part that the Board erred in disturbing the WCJ's credibility determinations and, therefore, erred in concluding that Provider's treatment of Claimant was reasonable and necessary. Employer also argued that the Board erred in issuing a decision after the case was resolved by the C & R in view of the fact that Provider and Claimant were represented by the same attorney and the C & R contained the resolution of Provider's appeal to the Board.

In *Prudential Ins. Co. v. Workers' Compensation Appeal Board (Schell)*, (Pa. Cmwlth. No. 121 C.D.2000, filed January 31, 2001), this Court concluded that inasmuch as the WCJ did not err in determining that Provider's treatment was not reasonable or necessary, the Board erred in reversing the WCJ's order denying Provider's UR review petition. The Court, however, declined to address Employer's second argument regarding the effect of the C & R because neither the C & R nor Employer's letter notifying the Board that the C & R was approved was contained in the certified record.

Meanwhile, in September, 2000, Provider filed a penalty petition seeking the assessment of penalties against Employer based on its failure to pay medical bills as directed by the Board in its December 15, 1999 order. The WCJ denied Provider's penalty petition on the grounds that the Board's December 15, 1999 order was moot and in error. Moreover, the WCJ noted that the Board's December 15, 1999

---

1. Employer was successful at both the initial and reconsideration levels of the UR process.

2. *See* Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S.

§§ 1—1041.4, 2501—2626. Section 449 of the Act, added by the Act of June 24, 1996, P.L. 350, 77 P.S. § 1000.5, provides for a C & R by stipulation of the parties.

order was reversed by this Court in *Schell.* In addition, the WCJ concluded that Provider had no standing to seek penalties for the failure to pay medical bills which have been determined at two UR levels and by the WCJ to be for treatment that was neither reasonable nor necessary.

■ On appeal, the Board affirmed, noting that the WCJ neither misconstrued the record as alleged by Provider nor made any error of law. Provider's petition for review followed.[3]

Provider contends that the Board erred in concluding that Employer did not have an obligation to pay Provider's bill without the benefit of a supersedeas from either the Board or this Court. Provider further contends that the Board erred in determining that Employer did not have an obligation to pay the Provider's bills on the ground that the C & R resolved that issue. In addition, Provider contends that the Board erred in denying its penalty petition on the ground that it would result in Claimant's unjust enrichment.

"Section 435 of the Act, 77 P.S. § 991, confers power on a WCJ to award a penalty where there is a violation of the Act or the rules and regulations issued pursuant to the Act." *Candito v. Workers' Compensation Appeal Board (City of Philadelphia),* 785 A.2d 1106, 1108 (Pa.Cmwlth. 2001), *appeal denied* 572 Pa. 726, 814 A.2d 678 (2002) and *appeal denied* 572 Pa. 711, 813 A.2d 845 (2002) (footnote omitted). "However, the imposition of a penalty is at the discretion of the WCJ and is not required, even if a violation of the Act is apparent on the record." *Id.*

■ Initially, we note that pursuant to Section 435(d)(i) of the Act, 77 P.S. § 991(d)(i), "[e]mployers and insurers may be penalized a sum.... Such penalty *shall be payable to the same persons to whom the compensation is payable.*" (Emphasis added.) In the present case, Claimant and Employer entered into a July 29, 1999 C & R which released Employer from all liability for any and all medical benefits owed Claimant under the Act.[4] As a result, Claimant and Employer had compromised the medical bills for which Provider seeks a penalty for Employer's alleged nonpayment. Consequently, Provider lacked standing to bring a penalty petition in September 2000 based on nonpayment of Claimant's medical bills.

Moreover, in *Schell,* this Court ultimately determined that the medical bills at issue were for treatment that was neither reasonable nor necessary. In *Candito,* this Court determined that the WCJ did not abuse his discretion in denying the claimant's penalty petition where the employer withheld payment of wage loss benefits despite the Board's denial of the employer's request for a supersedeas. In *Candito,* we noted that this Court, in granting the employer's supersedeas request, ruled, in effect, that the Board erred in denying it.

■ Similarly, although the Board's December 15, 1999 order in *Schell* awarded Provider's request for payment of his bills, that order was reversed by this Court's January 31, 2001 order in that case. As a result, the medical bills at issue were for treatment that was ultimately determined

---

3. On review, we are limited to determining whether the necessary findings of fact are supported by substantial evidence, whether errors of law were made, or whether constitutional rights were violated. *Morris Painting, Inc. v. Workers' Compensation Appeal Board (Piotrowski),* 814 A.2d 879 (Pa.Cmwlth.2003).

4. We note that unlike the situation in *Schell,* the C & R was formally admitted into the record in the present case.

to be not reasonable or necessary. Consequently, the WCJ in the present case neither erred nor abused his discretion in denying Provider's penalty petition. *Candito.*[5]

In view of the foregoing, the order of the Board affirming the WCJ's denial of Provider's penalty petition is affirmed.

Judge SMITH–RIBNER did not participate in the decision of this case.

### ORDER

AND NOW, this 19th day of September, 2003, the March 10, 2003 order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

---

5. Having determined, for the above reasons, that the WCJ did not err or abuse his discretion in denying Provider's penalty petition, we need not address Provider's remaining argument that the Board erred in denying the penalty petition on the ground that Claimant would be unjustly enriched.