IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Verizon Pennsylvania Inc., | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Workers' Compensation | : | |
| Appeal Board (McCallion), | : | No. 2167 C.D. 2013 |
| Respondent | : | Submitted: May 23, 2014 |


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED: July 30, 2014


Verizon Pennsylvania Inc. (Employer) petitions this Court for review of the Workers' Compensation Appeal Board's (Board) November 6, 2013 order affirming the Workers' Compensation Judge's (WCJ) order granting John McCallion's (Claimant) Penalty Petitions, and counsel fee request. Essentially, there are two issues before the Court: (1) whether substantial evidence supports the WCJ's finding that Employer violated the Workers' Compensation Act (Act);[1] and (2) whether unreasonable contest attorney's fees were warranted. After review, we affirm.

On October 25, 2009, Claimant filed a Claim Petition alleging that on October 25, 2006, he sustained injuries to his neck, back, hands, wrists and lower extremities after an automobile collision. By Decision and Order circulated on July 19, 2010, the WCJ dismissed the Claim Petition as moot based on her approval of a

_____

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2708.

Stipulation between the parties resolving the matter. The Stipulation of Facts (Stipulation), signed by Claimant and Claimant's attorney on July 13, 2010, and Employer's counsel on July 9, 2010, detailed Claimant's October 25, 2006 work incident and injuries, and included a statement that Employer and Claimant executed a November 21, 2006 Agreement for Compensation regarding Claimant's right to total disability benefits. The Stipulation further provided Claimant's average weekly wage and compensation rate. It also noted that Claimant filed a Reinstatement Petition alleging entitlement to benefits as of August 23, 2009, that the parties agreed Claimant is entitled to benefits as of August 23, 2009 and that Claimant's Petition would be marked withdrawn.

On September 29, 2010, Claimant filed a Penalty Petition alleging that Employer had engaged in delay to avoid its legal obligation to pay benefits. On May 6, 2011, Claimant filed a second Penalty Petition asserting that Employer had made sporadic or no payment of benefits, no payment of interest, and was currently 6 weeks behind in the payment of wage loss benefits. WCJ hearings were held June 24 and August 12, 2011 to address both Petitions. No testimony was presented at either hearing. On November 30, 2011, the WCJ granted Claimant's Penalty Petitions, and awarded Claimant attorney's fees. Employer appealed to the Board and, on November 6, 2013, the Board affirmed the WCJ's decision. Employer appealed to this Court.[2]

Employer argues that the WCJ's decision is not supported by substantial evidence. Specifically, Employer maintains that its payment log evidencing timely

---

[2] "Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated." *Dep't of Transp. v. Workers' Comp. Appeal Bd. (Clippinger)*, 38 A.3d 1037, 1042 n.3 (Pa. Cmwlth. 2011).

payments issued to Claimant was disregarded, and the penalty imposed was excessive. We disagree.

"A claimant who files a penalty petition must first meet his initial burden of proving a violation of the Act or the attendant regulations occurred; the burden then shifts to the employer to prove the violation did not occur." *Dep't of Transp. v. Workers' Comp. Appeal Bd.*, *(Clippinger)*, 38 A.3d 1037, 1047 (Pa. Cmwlth. 2011). Here, Claimant submitted: various packets of pay stubs from 2009, 2010 and 2011 (Claimant (Cl.) Ex. 1, Ex. 9; Reproduced Record (R.R.) at 25a-99a, 129a-148a); an August 25, 2010 check issued to him from Sedgwick Claims Management Services, Inc. (Sedgwick), in the amount of $5,995.00, representing temporary total disability payments plus interest less attorney's fees for the period of August 23, 2009 through October 25, 2009 (Cl. Ex. 4; R.R. at 103a); 7 additional checks issued to Claimant by Sedgwick representing temporary partial disability benefits (Cl. Ex. 6; R.R. at 112a-118a); a document Claimant prepared detailing the information regarding the checks he received (Cl. Ex. 7; R.R. at 119a); and a letter from Claimant's attorney to Employer's counsel concerning Employer's request for Claimant's paystubs (Cl. Ex. 8; R.R. at 128a).[3] Employer's evidence consisted solely of a payment log listing payments made to Claimant from Employer during the period November 21, 2006 through August 5, 2011. Employer Ex. 1; R.R. at 152a.

> The WCJ found that the document Claimant prepared
>
> provides the only explanation for any of the sums paid to him. Only the January 11, 2011 check provided interest. At the time the document was created, Claimant was owed an additional 20 weeks of temporary partial disability benefits as well as $1,937.00 in interest from the other

---

[3] Clamant also submitted his Statement of Wages for injury (Cl. Ex. 2; R.R. at 100a-101a); his Agreement for Compensation accepting his injury (Cl. Ex. 3; R.R. at 102a); and the July 19, 2010 WCJ decision accepting the parties' Stipulation of Facts (Cl. Ex. 5; R.R. at 104a-107a).

3

> seven checks received. The chart Claimant prepared also shows the egregiously sporadic nature of the payments.

November 30, 2011 WCJ Dec. (WCJ Dec.) at 2, Finding of Fact (FOF) 6. The WCJ explained that

> as documented in . . . [Claimant's] exhibit []7, . . . the payment of April 6, 2011 in the amount of $596.00, . . . is the only payment which could possibly be considered timely made. Employer's evidence does nothing to explain why it has continued to violate the Act, and fails to supply any accounting for the payments made.

WCJ Dec. at 2, FOF 9.

"[S]ubstantial evidence has been defined as such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Jacobi v. Workers' Comp. Appeal Bd. (Wawa, Inc.)*, 942 A.2d 263, 268 n.7 (Pa. Cmwlth. 2008). "It is irrelevant whether the record contains evidence to support findings other than those made by the WCJ; the critical inquiry is whether there is evidence to support the findings actually made." *Del. Cnty. v. Workers' Comp. Appeal Bd. (Baxter Coles)*, 808 A.2d 965, 969 (Pa. Cmwlth. 2002). In the instant case, the above-cited evidence Claimant submitted supports the WCJ's findings, and we agree that Claimant met his initial burden of proving that a violation of the Act occurred.

Employer argues that its payment log "confirms that **numerous payments** were properly and timely issued **within 30 days of the date the payment obligation arose**." Employer Br. at 9 (emphasis added). Employer contends "[i]t is well settled that failure to commence payments within thirty days of the date on which the obligation to pay arises constitutes a violation of Section 428 of the Act.[4]" Employer Br. at 9. Employer cites *Cunningham v. Workmen's Compensation Appeal Board (Inglis House)*, 627 A.2d 218 (Pa. Cmwlth. 1993), for this proposition, thereby

---

[4] 77 P.S. § 921 (relating to entry of default judgment against employer or liable insurer for failure to pay compensation for 30 days or more).

4

inferring that Section 428 of the Act grants an employer thirty days to pay a compensation award without a penalty. However, the Pennsylvania Supreme Court explained:

> Section 428 [of the Act], which is entitled, 'Final judgment on default in payments; entry in common pleas; lien of judgment and execution thereon,' does not separately address or authorize penalties. Instead, that Section grants a claimant the right to secure a judgment by default if the employer is in 'default of compensation payments for thirty days or more.' [77 P.S.] § 921. However, Section 428 [of the Act] does not address what amounts to a 'default,' such that the period for measuring the 30–day default period may be ascertained.

*Snizaski v. Workers' Comp. Appeal Bd. (Rox Coal Co.)*, 891 A.2d 1267, 1276 (Pa. 2006). In *Snizaski*, the claimant argued, as Employer does here, that "the plain language of Section 428 [of the Act] . . . grant[s] an employer thirty days to pay a compensation award without fear of penalty . . . ." *Id.* at 1276-1277. The *Snizaski* Court rejected this argument and held: "To the contrary, Section 430(b) [of the Act[5]] makes an insurer or employer 'subject to a penalty' upon termination, increase, or refusal to pay an award, with no time-qualification or grace period." *Id.* at 1277.

Moreover, as explained by the WCJ, the payment log does not supply any accounting for the checks issued, nor does it explain why they were untimely. Employer's own statement that "numerous payments" were timely reveals Employer's admission that other payments were untimely. In addition, the payment log evidences Employer's position that it issued Claimant numerous large checks in the amounts of $10,728.00, $2,682.00, $4,768.00, $39,628.76, $9,907.19, $5,995.55 and $2,120.58, among others. *See* Employer Ex. 1; R.R. at 152a. Based on the parties' Stipulation to Claimant's average weekly compensation rate of $745.00,

---

[5] 77 P.S. § 971(b) (relating to an insurer or employer who refuses to make compensation payments without first requesting and obtaining supersedeas being subject to penalties).

5

these payments as well as others were clearly beyond the required payment date. *See* Cl. Ex. 5; R.R. at 107a. Accordingly, Employer's payment log is insufficient to meet Employer's burden of proving it did not violate the Act, but rather establishes Employer's violation of the Act.

Employer further asserts in its brief to this Court and, apparently in its Board brief,[6] that because of Claimant's varying wages, it requested paystubs from Claimant which Claimant's counsel refused to produce. *See* Employer Br. at 10; Board Dec. at 5. Employer contends that any delay in payments was the result of Claimant's unwillingness to comply with its request. This argument was not presented to the WCJ, however, the WCJ did comment on the paystub request as it was referred to in Claimant's exhibit 8. Specifically, the WCJ stated:

> Claimant submitted the August 3, 2001 letter his counsel wrote defense counsel harshly critiquing Employer's position that Claimant must provide copies of his paystubs back to his own Employer because Employer needs its own salary documents to find out how much it is paying Claimant. Claimant's counsel's critique is fair. If Claimant had returned to a different employer, the request would be logical. It is illogical.

WCJ Dec. at 2, FOF 7. The Board agreed, opining:

> [Employer's] request for its own employee to provide his own paystubs to his own employer to establish what [Employer] . . . paid Claimant, the employee, was illogical. [Employer] cites no authority establishing that its position provided a legal or other appropriate basis for refusing to pay or failing to timely pay indemnity benefits due and owing.

Board Dec. at 5.

---

[6] This argument is quoted in the Board's decision but there is no citation. As there was no testimony at either hearing, the only possible source would be Employer's brief to the Board.

6

"The strict doctrine of waiver is applicable to workers' compensation proceedings. An issue not raised before the WCJ is waived." *Brown v. Workers' Comp. Appeal Bd. (Knight Ridder, Inc./Phila. Newspapers, Inc.)*, 856 A.2d 302, 308 (Pa. Cmwlth. 2004) (citation omitted). Accordingly, this Court holds that because Employer did not raise this argument before the WCJ, it is waived. *Id.* Notwithstanding, proof of Employer's request for the paystubs it issued would not satisfy its burden of showing that a violation of the Act did not occur. We agree with the WCJ and the Board that Employer's tactic to redirect accountability upon Claimant to supply Employer with the very information Employer created and furnished to Claimant is mendacious. Thus, because Claimant met his burden of proof and the WCJ's findings based on that evidence is supported by substantial evidence, we conclude that the Board properly affirmed the WCJ's finding that Employer violated the Act.

In addressing the excessiveness of the penalty awarded, Section 435(d)(i) of the Act[7] provides:

> Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to fifty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

"The assessment of penalties and the determination of the amount of penalties are within the WCJ's discretion, and we will not disturb the WCJ's imposition of penalties absent an abuse of discretion." *Kraeuter v. Workers' Comp. Appeal Bd. (Ajax Enters., Inc.)*, 82 A.3d 513, 521 (Pa. Cmwlth. 2013). The record supports the WCJ's finding that there was a significant violation of the Act as the payment

---

[7] Added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 991(d)(i).

representing temporary partial disability benefits for the period of March 20, 2011 through March 26, 2011 is the only payment that **may** have been timely made. Accordingly, the evidence supports the WCJ's exercise of her discretion to impose a 50% penalty against Employer for unreasonably and excessively delaying payment of compensation.

Employer next contends that unreasonable contest attorney's fees were not warranted. We disagree. Section 440(a) of the Act[8] authorizes:

> In any contested case where the insurer has contested liability in whole or in part, . . . the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee . . . : Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. § 996(a).

> The reasonableness of an employer's contest depends upon whether the contest was prompted to resolve a genuinely disputed issue. **The employer has the burden of presenting sufficient evidence to establish a reasonable basis for its contest.** Whether a reasonable basis exists for an employer's contest of liability is a question of law and therefore subject to this Court's review.

*City of Phila. v. Workers' Comp. Appeal Bd. (Andrews)*, 948 A.2d 221, 230 (Pa. Cmwlth. 2008) (citations omitted; emphasis added). Here, the only evidence Employer submitted was the payment log. This evidence confirmed the late and sporadic nature of Employer's payments to Claimant. Because Employer presented no basis for its egregious delays in Claimant's payments beyond its disingenuous request for its own documents, and Employer's unreasonable and excessive delay of

---

[8] Added by the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. § 996(a).

benefits was "a violation of the Act, there could be no reasonable contest and the award of counsel fees was . . . proper." *Body Shop v. Workers' Comp. Appeal Bd. (Schanz)*, 720 A.2d 795, 799 (Pa. Cmwlth. 1998).

      For all of the above reasons, the Board's order is affirmed.


_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Verizon Pennsylvania Inc.,        :
                Petitioner    :
                       :
       v.               :
                       :
Workers' Compensation      :
Appeal Board (McCallion),    :   No. 2167 C.D. 2013
             Respondent   :

O R D E R

AND NOW, this 30th day of July, 2014, the Workers' Compensation Appeal Board's November 6, 2013 order is affirmed.

_____
ANNE E. COVEY, Judge