# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kelly Gooden,                         :

                  Petitioner      :

                         :

          v.                :      No. 851 C.D. 2021

                         :      Submitted:  January 28, 2022

School District of Philadelphia   :

(Workers' Compensation Appeal   :

Board),                      :

                  Respondent   :

**BEFORE:**    **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                 **HONORABLE ELLEN CEISLER,** Judge
                 **HONORABLE STACY WALLACE,** Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**     **FILED:  April 29, 2022**

Kelly Gooden (Claimant) petitions for review of the July 14, 2021 Order of the Workers' Compensation Appeal Board (Board), affirming a Workers' Compensation Judge's (WCJ) Decision that granted a Modification Petition filed by School District of Philadelphia (Employer).  The WCJ and Board found Claimant's benefits should be modified from temporary total disability to temporary partial disability based upon an impairment rating evaluation (IRE) performed by Brian Walsh, D.O., using the 6th edition of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (*Guides*).  The issue before this Court is whether it was an error of law to grant the Modification Petition when Section

306(a.3) of the Workers' Compensation Act (Act)[1] requires that IREs be performed pursuant to the "6th edition **(second printing April 2009)**" of the *Guides* and there was no evidence as to which 6th edition was utilized. 77 P.S. § 511.3 (emphasis added).[2] Because the plain language of the Act specifies the "6th edition (second printing April 2009)" of the *Guides* be utilized, we are constrained to vacate the Board's Order and remand with instructions for the Board to further remand to the WCJ for evidence as to which version of the 6th edition of the *Guides* was used by Dr. Walsh.

The pertinent facts are not in dispute. On March 21, 2005, Claimant suffered a work-related injury accepted as a posterior tibial injury on the right. Claimant received temporary total disability benefits beginning April 22, 2005. Employer twice tried to terminate Claimant's benefits, but a WCJ denied both attempts. On July 30, 2019, Claimant underwent an IRE performed by Dr. Walsh. Dr. Walsh is certified to perform IREs and conducts 10 to 15 IREs annually. Dr. Walsh opined that Claimant reached maximum medical improvement (MMI), which he explained

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 511.3. Section 306(a.3) was added by Section 1 of the Act of October 24, 2018, P.L. 714, No. 111 (Act 111).

[2] Before the Board, Claimant also challenged whether it was error to grant the Modification Petition because Claimant did not receive 104 weeks of temporary total disability benefits subsequent to the enactment of Act 111, such as to trigger Employer's right to an IRE. The Board rejected Claimant's argument. Although Claimant included a footnote in her brief to this Court questioning the constitutionality of crediting an employer with benefits received before Act 111's enactment, (Claimant's Brief at 16 n.1), Claimant did not raise that issue in her Petition for Review. Although Rule 1513(d)(5) of the Pennsylvania Rules of Appellate Procedure provides that "the omission of an issue from the statement shall not be the basis for a finding of waiver if the court is able to address the issued based on the certified record," Pa.R.A.P. 1513(d)(5), Claimant also did not develop the argument in Claimant's brief beyond the two-sentence footnote. Accordingly, to the extent Claimant was seeking to raise the constitutionality of the credit provisions found in Act 111, the issue has been waived. *See Beaver Valley Slag, Inc. v. Marchionda (Workers' Comp. Appeal Bd.)*, 247 A.3d 1212, 1221 (Pa. Cmwlth. 2021) ("[A]rguments not fully developed [in a party's brief] will be deemed waived.").

means, per the *Guides*, "without any significant intervention within the next year, there would not be a significant change in the patient's condition." (WCJ Decision, Finding of Fact (FOF) ¶ 5.g.)[3] Dr. Walsh also opined that Claimant's tarsal tunnel syndrome/tibial nerve injury resulted in a whole person impairment (WPI) of four percent and Claimant's posterior tibial tendon tear resulted in a WPI of five percent, for a combined WPI of nine percent. Dr. Walsh testified he "use[d] the [6]th [e]dition of the . . . *Guides*" in making his determination. (Certified Record (C.R.) Item 15, 1/22/20 Deposition (Dep.) of Dr. Walsh at 25; *see also* FOF ¶ 5.h (finding Dr. Walsh testified he "us[ed] the 6th [e]dition of the [] *Guides*").) Dr. Walsh's report, appended to his deposition, also reflects "the *Guides*. . . , 6th [e]dition" was used. (Exhibit (Ex.) D-Walsh-2 at 4.)

Based upon the IRE, Employer filed the Modification Petition on October 2, 2019, alleging "Claimant underwent an IRE with Dr. [] Walsh . . . . Dr. Walsh found Claimant to be at MMI. Under the *Guides* . . . , 6th [e]dition, Dr. Walsh found a . . . []WPI[] of [nine percent.] Based on Dr. Walsh's findings, Claimant's benefits should be modified from total to partial immediately." (C.R. Item 2.) Following hearings, at which the parties presented evidence, the WCJ issued a Decision on October 23, 2020, granting Employer's Modification Petition. The WCJ found Dr. Walsh's testimony "credible and persuasive," as well as "uncontroverted." (FOF ¶ 8.)

Relevant to the issue before this Court, the WCJ rejected Claimant's argument that the plain language of Section 306(a.3) requires the "6th edition (second printing April 2009)" of the *Guides* to be used and that Dr. Walsh did not specify which version of the 6th edition he used. (*Id.* ¶ 10.) Specifically, the WCJ found

---

[3] The WCJ's Decision can be found at Certified Record (C.R.) Item 4.

Claimant's argument not to be persuasive because "Claimant had an opportunity to cross-examine Dr. Walsh regarding this issue and this is a minor omission that does not warrant the IRE being found defective." (*Id.*) Accordingly, the WCJ granted the Modification Petition, modifying Claimant's benefits from temporary total disability to temporary partial disability as of July 30, 2019, the date of the IRE.

Claimant timely appealed to the Board, which affirmed the WCJ's Decision. With respect to the issue of which edition of the *Guides* was used, the Board held that "[w]hile [Dr. Walsh] did not specify 'second printing, April 2009,' Dr. Walsh clearly testified as to his [] certification [to perform IREs] and that he performed the IRE in July 2019 pursuant to the [6th] edition of the [] *Guides*." (Board Opinion at 5.) Because Employer obtained an IRE that complied with Section 306(a.3) of the Act, the Board concluded Employer was entitled to change Claimant's disability status.

Claimant filed a Petition for Review with this Court,[4] arguing the WCJ and Board erred in not adhering to the plain language of Section 306(a.3) of the Act. Because the record is devoid of any evidence as to which version of the 6th edition of the *Guides* was used by Dr. Walsh, Claimant argues Employer did not meet its burden of proving it was entitled to modification of Claimant's benefits. To the extent the WCJ found Claimant should have cross-examined Dr. Walsh about which version of the 6th edition of the *Guides* he used, Claimant asserts this improperly "shifted the responsibility to [Claimant] to perfect [Employer]'s evidence." (Claimant's Brief (Br.) at 14.) Claimant also disputes the WCJ's characterization of

---

[4] Our review "is limited to determining whether constitutional rights have been violated, [whether] an error of law has been committed, and whether necessary findings of fact are supported by substantial evidence." *Universal Am-Can, Ltd. v. Workers' Comp. Appeal Bd. (Minteer)*, 762 A.2d 328, 331 n.2 (Pa. 2000).

the omission as "minor," "because it is very clearly and unambiguously required" by Section 306(a.3). (*Id.* at 16.) Accordingly, Claimant asks the Court to reverse the Board's Order.

Employer responds that the WCJ issued a reasoned decision, which was supported by substantial evidence. Employer calls Claimant's argument that Dr. Walsh failed to identify the version of the *Guides* that he used as the second printing of the 6th edition as "specious, at best." (Employer's Br. at 8.) It argues the IRE that Dr. Walsh performed satisfied the requirements of Section 306(a.3). Employer also states that "[t]he second printing of the 6th [e]dition was issued in April 2009[, and t]he instant IRE [] was conducted well after that date." (*Id.*) Furthermore, Employer argues that Claimant did not raise any objections that would have preserved this issue. As a result, it asks the Court to affirm the Board's Order.

Prior to the enactment of Section 306(a.3), IREs were governed by former Section 306(a.2) of the Act,[5] *formerly* 77 P.S. § 511.2, which was declared unconstitutional in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017). In *Protz*, the Supreme Court reasoned that language in the former section, which provided for IREs to be performed "pursuant to the most recent edition of the [*Guides*]," *formerly* 77 P.S. § 511.2(1), was an unconstitutional delegation of legislative authority in violation of article II, section 1 of the Pennsylvania Constitution.[6] *Protz*, 161 A.3d at 838.

Following the invalidation of the former IRE provision, the General Assembly enacted the new IRE provision found in Section 306(a.3). While Section 306(a.3)

---

[5] Former Section 306(a.2) was added by Section 4 of the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, and repealed by Act 111.

[6] Article II, section 1 of the Pennsylvania Constitution provides: "The legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives." PA. CONST. art. II, § 1.

5

is largely identical to its predecessor provision, one significant distinction is that it specifies exactly which edition of the *Guides* should be utilized for IREs: the "6th edition (second printing April 2009)."[7] 77 P.S. § 511.3. Here, the evidence merely establishes the 6th edition of the *Guides* was used without reference to which version of the 6th edition. While the WCJ called this a "minor omission," given the plain language of Section 306(a.3), we cannot agree.

Section 1921(a) of the Statutory Construction Act of 1972 provides that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). "The clearest indication of legislative intent is generally the plain language of a statute." *Snizaski v. Workers' Comp. Appeal Bd. (Rox Coal Co.)*, 891 A.2d 1267, 1276 (Pa. 2006). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). After the former IRE provision was struck down as an unconstitutional delegation of legislative authority, the General Assembly enacted Section 306(a.3), which specifies the "second printing April 2009" version of the "6th edition (second printing April 2009)" of the *Guides* must be used in IREs performed under the new law. 77 P.S. § 511.3. Thus, to comply with the new IRE provision, the IRE must be performed pursuant to the "6th edition (second printing April 2009)" of the *Guides*, which is the version the General Assembly specifically selected.

Here, the only evidence of record is Dr. Walsh's testimony and report that shows the 6th edition was used. Because there is no evidence that the "second printing April 2009" version was used by Dr. Walsh, we must vacate the Board's

---

[7] Section 306(a.3) also differs from former Section 306(a.2) by reducing the threshold impairment rating at which a claimant is presumed to be totally disabled to 35% or greater, down from 50%. *Compare* 77 P.S. § 511.3(2), *with* former 77 P.S. § 511.2(2).

Order and remand this matter for further evidence as to which version of the 6th edition of the *Guides* was utilized by Dr. Walsh. To the extent Employer suggests that this Court should infer that because the IRE was performed "well after" April 2009 when the second printing of the 6th edition was issued, we decline to make such an inference.

Nor does the Court accept the WCJ's reasoning that Claimant could and should have cross-examined Dr. Walsh about which specific version of the *Guides* he used. We agree with Claimant that requiring Claimant to question Employer's witness about which version of the *Guides* were used would have improperly shifted the burden to Claimant. It is well established in workers' compensation law that an employer seeking to modify a claimant's disability status from total to partial disability bears the burden. *Westmoreland Reg'l Hosp. v. Workers' Comp. Appeal Bd. (Pickford)*, 29 A.3d 120, 127 n.10 (Pa. Cmwlth. 2011). Employer also vaguely references the WCJ Rules[8] for the proposition that Claimant did not preserve any objections regarding this issue, (Employer's Br. at 9), but as the use of the second printing April 2009 version of the 6th edition of the *Guides* was an essential element of **Employer's** case, we cannot discern why **Claimant** had any obligation to object on the grounds that Dr. Walsh did not identify which version of the 6th edition of the *Guides* was utilized.

---

[8] Presumably, Employer is referring to the Special Rules of Administrative Practice and Procedure Before Workers' Compensation Judges, which are found in Title 34, Chapter 131 of the Department of Labor and Industry's regulations, 34 Pa. Code §§ 131.1-131.204.

Accordingly, in the absence of evidence that the 6th edition (second printing April 2009) was utilized by Dr. Walsh, we vacate the Board's Order. We remand this matter with direction for the Board to further remand to the WCJ for evidence as to which version of the 6th Edition of the *Guides* was used by Dr. Walsh.

_____
**RENÉE COHN JUBELIRER,** President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kelly Gooden,                 :
          Petitioner    :
                      :
        v.           :   No. 851 C.D. 2021
                      :
School District of Philadelphia  :
(Workers' Compensation Appeal  :
Board),                  :
          Respondent  :

# O R D E R

**NOW**, April 29, 2022, the Order of the Workers' Compensation Appeal Board, dated July 14, 2021, is **VACATED**, and this matter is **REMANDED** for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

---

**RENÉE COHN JUBELIRER,** President Judge