**William GREGORY, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (NARVON BUILDERS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 23, 2007.

Decided June 8, 2007.

Kevin C. Allen, Lancaster, for petitioner.

John T. Huskin, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and COHN JUBELIRER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

William Gregory (Petitioner) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a workers' compensation judge (WCJ) that denied and dismissed Petitioner's petition for penalties. Petitioner argues that the Board erred when it determined that Narvon Builders (Employer) was not subject to penalties for failure to make payment pursuant to a Compromise and Release Agreement because the Board had granted its timely petition for supersedeas.

The facts are as follows. Petitioner sustained a work related injury on April 30, 2002 which was recognized by a Notice of Compensation Payable. (WCJ Decision at 1.) Petitioner filed a penalty petition with the WCJ which was later amended to request approval of a Compromise and Release Agreement by Stipulation (C&R Agreement) under which Employer would provide Petitioner a single, lump sum payment of $35,000.00 as "full and final settlement of [his] claim, without limitation or reservation." (C&R Agreement at 3, Reproduced Record (R.R.) at 7a.) After a hearing, the WCJ approved the C&R Agreement by order circulated December 22, 2003.[1] Petitioner was murdered on December 30, 2003.[2] (WCJ Decision, Findings of Fact ¶ 2.)

Ten days later, on January 9, 2004, Employer filed an appeal claiming that Petitioner had not understood the full significance of the C&R Agreement he had signed. Employer also filed a petition for supersedeas alleging that Petitioner was under duress and entered into the C&R Agreement under coercion without full understanding of its legal significance. The Board granted the petition for supersedeas

---

1. On October 1, 2003, Petitioner filed a Petition for Penalties for the period from September 1, 2003 until the present, claiming that he had not received a payment from Employer since August 30, 2003. (Petition for Penalties, October 1, 2003, Reproduced Record (R.R.) at 3a, 4a.) That penalty petition was amended at the request of the parties during a hearing held on December 18, 2003, to become a petition to seek approval of the C&R

Agreement. (WCJ Hr'g Tr. at 3, Dec. 18, 2003.)

2. The deceased will be referred to as "Petitioner" herein, following a similar method of identification used in the decisions of the WCJ and the Board, and in the parties' briefs. It appears that the person bringing the case before the Court is Joyce Andreasen, Administratrix for the Estate of William Gregory, decedent.

by order dated February 2, 2004. (Board Order, February 2, 2004, R.R. at 31a.)

On September 28, 2004, Employer withdrew its appeal, and it issued Claimant a check for $35,000.00, plus interest.[3] After the Board closed the case, Petitioner filed with the WCJ the petition for penalties that is at issue before us. Petitioner claimed that (1) Employer violated the Workers' Compensation Act (Act)[4] by failing to timely pay benefits in accordance with the WCJ's order approving the C&R Agreement; and (2) Employer filed a "baseless, frivolous appeal" with the Board "after entering into a [C&R] Agreement which amounts to an unreasonable contest." (Petition for Penalties, October 11, 2004, R.R. at 35a–36a.) Employer filed an answer denying Petitioner's averments and requested supersedeas. (Answer to Petition to Assess Penalties, October 18, 2004, R.R. at 37a–38a.)

After a hearing held December 2, 2004, the WCJ issued a decision circulated March 11, 2005, denying Petitioner's petition. The WCJ found that Petitioner did not meet his burden of proving that Employer violated the Act by failing to timely pay benefits because Employer had no obligation to pay benefits after the Board granted it supersedeas. The WCJ also determined that it did not have jurisdiction over issues relating to Employer's appeal to the Board, and that the Employer's contest of the penalty petition before him was reasonable. Thereafter, the Board, relying upon sections of the Act,

the Board's regulations, and *Snizaski v. Workers' Compensation Appeal Board (Rox Coal Co.)*, 586 Pa. 146, 891 A.2d 1267 (2006), affirmed the WCJ's decision. The Board agreed that Employer had no obligation to pay after it had granted supersedeas and that Claimant had cited no authority allowing a WCJ to impose a penalty as a sanction for a party's alleged frivolous appeal to the Board. Petitioner petitions this Court for review of the Board's decision.[5]

Petitioner argues that the Board erred when it affirmed the decision of the WCJ that a penalty should not be assessed against Employer. First, Petitioner argues that Employer should not be relieved from paying a penalty for its failure to make payment under the C&R Agreement because of the Board's grant of supersedeas. Petitioner argues that Section 430(b) of the Act, 77 P.S. § 971(b), and *Snizaski* apply only to petitions for supersedeas from payments of compensation and not to payments under a C&R Agreement. Section 430(b) of the Act provides that "[a]ny insurer or employer who terminates, decreases or refuses to make **any payment** provided for in the decision without filing a petition and being granted a supersedeas shall be subject to a penalty . . . ." 77 P.S. § 971(b) (emphasis added). Our Supreme Court has recently cautioned that, "[u]nder the statute, the power to assess a penalty is dependent upon [a] party violating the Act or pertinent rules and regulations." *Snizaski*, 586 Pa. at 161, 891 A.2d at 1276.

---

3. The check included interest calculated from the date the appeal period ended through the issue date of the check. (Letter from Lynda H. Dilks, WCCC–PA, Mutual Benefit Group, to Kevin Allen, Esq., September 14, 2004, R.R. 61a–62a.)

4. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2626.

5. Our standard of review is limited to a determination of whether there has been a violation of constitutional rights, whether an error of law has been committed, or whether all necessary findings of fact are supported by substantial evidence. *Guthrie v. Workers Compensation Appeal Board (Keystone Coal Co.)*, 767 A.2d 634, 636 n. 4 (Pa.Cmwlth. 2001).

The issue presented in the *Snizaski* case was whether a penalty award was appropriate where the employer failed to pay benefits in reliance upon a timely filed supersedeas request following procedures as outlined in the Board's regulations. *See* 34 Pa.Code §§ 111.22—111.24.[6] The *Snizaski* court clarified that "where ... an employer timely files a request for supersedeas pursuant to the Board's regulations, it cannot be subject to a penalty award for failing to pay the underlying benefit during the pendency of the supersedeas petition." 586 Pa. at 151, 891 A.2d at 1270. The Supreme Court explained that "[t]o hold that an employer is liable for penalties for not paying compensation when its request for supersedeas is pending is, in effect, to make an employer's right to seek a supersedeas in most instances a nullity." *Snizaski*, 586 Pa. at 153, 891 A.2d at 1271 (quoting *Candito v. Workers' Compensation Appeal Board*

*(City of Philadelphia)*, 785 A.2d 1106, 1110 (Pa.Cmwlth.2001)).

In this case, the Board granted the request for supersedeas. Petitioner argues, nonetheless, that Employer violated the Act because Section 430 of the Act does not apply to payments on a C&R Agreement. Instead, he argues that the statutes, case law and regulations regarding supersedeas procedures, which are appropriately applied in cases dealing with an employer's failure to pay underlying *benefits*, cannot be applied in this case where an employer fails to pay proceeds on an underlying *agreement.* Petitioner "strongly asserts" that *"Snizaski* and Section 430 *should not* provide a safe harbor, when in contravention of the policy of finality underlying Compromise and Release Agreements, the employer contests what it previously had agreed to pay...." [7] (Petitioner's Br. at 14.)

---

**6.** As succinctly explained in *Snizaski,* the Board's regulations provide:

[A]n application for supersedeas must be filed within the time allowed by law for an appeal, which [means] twenty (20) days in the case of appeals from the WCJ's decision, 77 P.S. § 853, and thirty (30) days in the case of appeals from a Board order to the Commonwealth Court, Pa. R.A.P. 1512(a) (governing petitions for review).... The regulations permit[ ] the opposing party to file an answer to the supersedeas request within ten (10) days, 34 Pa.Code § 111.23; and afford[ ] the Board 20 days to render a decision or, if no decision [is] timely rendered, the request [is] deemed denied. 34 Pa.Code § 111.24(b). The regulations thus contemplate a decision on a supersedeas request within 50 days, in the case of appeals from a WCJ, or 60 days, in the case of appeals from the Board.

586 Pa. at 151 n. 2, 891 A.2d at 1270 n. 2. It should be noted that the Petitioner does not dispute the timeliness of Employer's petition for supersedeas.

**7.** We recognize that a valid compromise and release agreement regarding a workers' compensation claim is final and binding on the parties involved. *Farner v. Workers' Compensation Appeal Board (Rockwell International),* 869 A.2d 1075 (Pa.Cmwlth.2005), *petition for allowance of appeal denied,* 586 Pa. 730, 890 A.2d 1061 (2005). However, a WCJ has the inherent or implied power to set aside a compromise and release agreement that he or she has approved, under certain narrow circumstances. *North Penn Sanitation, Inc. v. Workers' Compensation Appeal Board (Dillard),* 850 A.2d 795, 799 (Pa.Cmwlth.2004); *cf. Stiles v. Workers' Compensation Appeal Board (Department of Public Welfare),* 853 A.2d 1119 (Pa. Cmwlth.2004) (upholding Board's decision to deny petition to set aside where the claimant *failed to appeal* WCJ's order approving compromise and release agreement). Those circumstances arise from the test for setting aside releases at common law, and are applied to workers' compensation cases in a similar fashion. Id. at 1125. "At common law, a compromise and release agreement can be set aside upon a clear showing of fraud, deception, *duress* or mutual mistake." Id. (quoting *Dillard,* 850 A.2d at 799) (emphasis added).

However, Petitioner has provided no authority for his contention that the term "payment" as used in Section 430(b) should not include the payment of compensation resulting from approved compromise and release agreements in addition to other payments contemplated under the Act, and we decline to so restrict that term.

■ Here, Employer complied with the Act by timely filing a petition for supersedeas along with its appeal, which was granted, and as soon as the appeal was resolved, Employer promptly paid Petitioner the agreed-upon settlement amount, with interest. Any failure on Employer's part to make payments on the C&R Agreement after the supersedeas was granted was not a violation of the Act. Furthermore, the award of penalties is a discretionary matter lying within the province of the WCJ and a claimant is not automatically entitled to benefits even if an employer is non-compliant with the Act. *Westinghouse Elec. Corp. v. Workers' Compensation Appeal Board (Weaver),* 823 A.2d 209, 213 (Pa.Cmwlth.2003). Therefore, we agree with the Board that Employer is not subject to a penalty for failure to make payment after its supersedeas petition was granted by the Board, until disposition of its appeal.

■ Petitioner next argues that, contrary to the determinations of the WCJ and the Board, the WCJ does have the authority to impose penalties on the Employer "regardless of the procedural stance—if the Penalty Petition alleges an unreasonable contest to the WCJ's granting, adopting and incorporating the parties' Compromise and Release Agreement...." (Petitioner's Br. at 13). However, we believe that the WCJ and the Board are correct that the WCJ was without authority to determine whether the Board erred in granting supersedeas, or whether the appeal to the Board was an unreasonable contest. A request for supersedeas from the WCJ's decision, as Employer requested here, must be filed with the *Board.* 34 Pa.Code § 111.22(a). The Board is generally viewed as a "body of appellate review," evaluating the propriety of the WCJ's adjudication. 9 Pa. Prac. § 23:65. The Board may use its discretion when determining whether to grant the request for supersedeas in whole or in part. 34 Pa.Code § 111.24(a); *Linton v. Workers' Compensation Appeal Board (Amcast Industrial Corp.),* 895 A.2d 677, 680 (Pa.Cmwlth.2006). It follows that a WCJ would not have the authority to review whether supersedeas orders entered by the Board were entered in error or whether that appeal to the Board was an unreasonable contest.

Accordingly, the order of the Board is affirmed.

### ORDER

**NOW,** June 8, 2007, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby **AF-FIRMED.**