IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jesse R. May,                       :
           Petitioner     :
                        :   No.  575 C.D. 2021
        v.               :
                        :   Submitted:  November 5, 2021
Dana Corporation (Workers'   :
Compensation Appeal Board),   :
             Respondent   :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ELLEN CEISLER, Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                   FILED: July 21, 2022

Jesse R. May (Claimant), proceeding *pro se*, petitions for review from the March 31, 2021 order of the Workers' Compensation Appeal Board (Board), which affirmed a decision and order of the Workers' Compensation Judge (WCJ) denying Claimant's *pro se* penalty petition, petition to review compensation benefits, and petition to review medical treatment and/or billing (collectively, Petitions).  We affirm.

On August 1, 2018, Claimant, *pro se*, filed the Petitions against Dana Corporation (Employer), which were consolidated and assigned to a WCJ.  By interlocutory order dated November 6, 2018, the WCJ granted the motion to withdraw that was filed by Claimant's former counsel, with Claimant's agreement and decision to proceed *pro se*.  Notably, at all times relevant to the history

surrounding these proceedings, Claimant was represented by his former counsel and, with the assistance of said counsel, executed four Compromise and Release (C&R) Agreements in 2003. The C&R Agreements were approved by a WCJ after the WCJ confirmed, at hearings and based on Claimant's own credible testimony, that Claimant entered the agreements with full understanding of their terms, conditions, and legal significance. In the four C&R Agreements, which were memorialized and approved by a WCJ's decision issued on the same date, December 19, 2003, Claimant agreed to resolve wage loss benefits for work-related injures that he sustained on four different dates, January 29, 1990, September 15, 1990, October 8, 1993, and March 11, 1999. However, Claimant reserved the right to receive continuing payment from Employer for medical expenses for these injuries, with the exception of the C&R Agreement pertaining to his 1993 work-related injury. Essentially, in his Petitions, Claimant alleged that Employer failed to pay certain medical bills under the C&R Agreements and sought to set aside or otherwise void the four C&R Agreements. (WCJ's Findings of Fact (F.F.) at Nos. 1, 5, 7-9.)

After conducting hearings and receiving documentary evidence, which included prior orders from the WCJ who approved the C&R Agreements, the C&R Agreements, and transcription of related testimony, the WCJ denied the Petitions. In so doing, the WCJ first acknowledged that Employer technically failed to pay a few medical expenditures that were covered under the C&R Agreements, but the WCJ found that the "missed payments were inadvertent and may have been due to improper coding." (F.F. at No. 10.) Otherwise, the WCJ determined that the remaining medical bills that Claimant submitted "were for injuries that were not acknowledged or were terminated as a result of the C&R resolution." *Id.* In these respects, the WCJ specifically found that

when Employer was made aware of the unpaid medical bills and prescriptions, it promptly paid them. [Employer] did not violate the [Pennsylvania Workers' Compensation Act (Act),[1]] by not paying bills of which it was unaware, and it was not required to pay bills for injuries it had not acknowledged. Further, in all other respects, [Employer] has complied with the special provisions of the C&R approval decision, [*i.e.*, the previous WCJ's 2003 decision and order approving the C&R Agreements.]

*Id.* at No. 13.

Concerning Claimant's contention that the C&R Agreements should be voided, the WCJ correctly cited case law from this Court explaining that, in order to set aside a C&R agreement, "the moving party, here Claimant, must show that [the agreement] was entered into through mutual mistake, or that [he] was the victim of fraud, duress, misrepresentation, concealment, or deception." *Id.* at No. 11. In determining that Claimant failed to satisfy his burden of proof in this regard, the WCJ specifically found as follows:

12. Based upon the evidence of record, notwithstanding Claimant's assertion that he did not understand and was ["]railroaded["] into the [C&R Agreements], there is no indication of that in the record . . . except Claimant's assertion. The evidentiary record from the [2003] C&R approval hearing and the four agreements with their specific and clear provisions belie that claim. [Claimant's] allegations are contrary to the facts of record. I find that Claimant was aware of the full legal significance of the four [C&R] [A]greements and their effect upon his rights when he testified on December 19, 2003.

*Id.* at No. 12.

For these reasons, the WCJ denied the Petitions, concluding that Claimant failed to establish that Employer intentionally failed to pay reasonable and

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.1, 2501-2710.

3

necessary medical bills, that Employer violated the Act, or that the C&R Agreements should be set aside.

Thereafter, Claimant appealed to the Board, arguing that the WCJ did not issue a reasoned decision because the WCJ failed to adequately explain why he rejected Claimant's testimony that he was deceived into signing the C&R Agreements and/or signed them under duress or coercion.

Initially, the Board noted Claimant's testimony before the WCJ that he misunderstood the nature and legal effect of the C&R Agreements; the C&R Agreements contained numerous inaccuracies, including the dates and descriptions of his various injuries; and Employer, apparently in collusion with the WCJ, procured the C&R Agreements through fraud, in that Employer submitted and relied on an independent medical examination (IME) from 2015, instead of one issued in 2014, when drafting the C&R Agreements. After recounting Claimant's testimony and arguments related thereto, the Board concluded that the WCJ issued a reasoned decision, pursuant to section 422(a) of the Act, 77 P.S. §834,[2] stating as follows:

> The WCJ rejected Claimant's testimony that he was deceived into signing the C&R[] [Agreements] and/or that he executed the C&R[] [Agreements] under duress because the transcript from the 2003 hearing before [the] WCJ [] to approve the C&R[] [Agreements], in concert with the explicit language of the [A]greements, contradicted

---

[2] Section 422(a) of the Act provides, in pertinent part:

All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached.

77 P.S. §834.

Claimant's testimony. This objective reasoning provided by the WCJ for rejecting Claimant's testimony was sufficient to justify his credibility determination. Additionally, since Claimant's testimony that he was ["]railroaded["] into executing the C&R[] [Agreements] was rejected, there was no credible evidence to support Claimant's allegations that he executed the [A]greements under duress or due to deceit. Thus, the WCJ's finding that Claimant failed to meet his burden of establishing such was based on substantial, competent evidence. Since the WCJ's decision to reject Claimant's testimony was supported by objective reasoning and the WCJ's findings were based on substantial evidence, the WCJ rendered a reasoned decision pursuant to the mandates of the Act.

(Board's decision at 8.)

In addition, the Board rejected Claimant's assertion that the C&R Agreements should be voided as a result of fraud, due to the alleged improper use of the 2015 IME, determining that Claimant failed to submit sufficient, credible evidence to establish this contention. Next, the Board addressed Claimant's argument that he only signed the C&R Agreements based on his belief that they were not binding, and Employer would continue to remain liable for medical expenses in connection with his 1993 work-related injury. In dismissing these assertions, the Board noted that the WCJ who approved the C&R Agreements in 2003 "specifically found that Claimant understood the C&R[] [Agreements] after hearing Claimant's live testimony in 2003" and, because Claimant did not appeal the WCJ's 2003 decision and order, the "WCJ[']s determination that Claimant understood the full legal significance of the C&R[] [Agreements] is final." *Id.* at 9. To the extent that Claimant contended the C&R Agreements were the result of a mutual mistake of fact, the Board disagreed, concluding instead that

the evidence suggests that [Employer] was aware that part of the binding terms of the [C&R] Agreement[s] [was] that [Employer] was no longer obligated to pay for any 1993

5

work-related medical treatment. Thus, Claimant is not complaining of a mutual mistake of fact. Rather, Claimant argues that there was a unilateral mistake of fact in that he was the sole party who misunderstood the existence of these specified terms. As a unilateral mistake does not constitute a reason for setting aside an otherwise duly executed and binding C&R Agreement, it is not a sufficient reason to overturn the [d]ecision of [the] WCJ approving the C&R [Agreement's] terms, which clearly denied ongoing medical benefits for Claimant's 1993 work injury.

*Id.* at 9-10. Finally, the Board noted that Claimant did not contest the WCJ's determinations that he failed to demonstrate that Employer violated the Act in declining to pay for work-related medical expenses, and seemingly determined that these issues were waived. *See Arnold v. Workers' Compensation Appeal Board (Baker Industries)*, 859 A.2d 866, 871 (Pa. Cmwlth. 2004).

Accordingly, the Board affirmed the WCJ's order denying Claimant's Petitions. Subsequently, Claimant filed a *pro se* petition for review in this Court.[3]

As far as we can discern from Claimant's *pro se* brief, his arguments contained therein are duplicative of those he raised before the Board. Based substantially on the reasoning provided by the WCJ in his decision and order and the Board in its opinion, we conclude that the WCJ issued a reasoned decision; the WCJ's findings of fact were supported by substantial evidence; and the WCJ did not otherwise commit an error of law in rendering his determinations.

Initially, we note that pursuant to section 449(b) of the Act,[4] when parties agree to the compromise and release of a claim, the agreement must be

---

[3] This Court's review of an appeal from a determination by the Board is limited to determining whether an error of law was committed, whether the WCJ's necessary findings of fact are supported by substantial evidence, and whether constitutional rights were violated. *Gahring v. Workers' Compensation Appeal Board (R and R Builders)*, 128 A.3d 375, 379 n.6 (Pa. Cmwlth. 2015).

[4] Added by the Act of June 24, 1996, P.L. 350, 77 P.S. §1000.5(b).

submitted to a WCJ, who shall approve the agreement following a determination that the agreement contains all of the necessary information provided for in the Act and the claimant understands the full legal significance of the document. 77 P.S. §1000.5(b). More specifically, the Act requires that every C&R agreement set forth details of the claim, including "the nature of the injury" and "a listing of all benefits received or available to the claimant," and the "agreement must be explicit with regard to the payment, if any, of reasonable, necessary[,] and related medical expenses." 77 P.S. §1000.5(b), (c)(3), (9).

As previously explained by this Court, in enacting section 449 of the Act, the General Assembly intended to place C&R agreements "on equal footing with civil settlements in order to promote a public policy of encouraging the parties to settle disputes and bring them to finality." *DePue v. Workers' Compensation Appeal Board (N. Paone Construction, Inc.)*, 61 A.3d 1062, 1066 (Pa. Cmwlth. 2013) (internal citation and quotation marks omitted); *see, e.g.*, *Stroehmann Bakeries, Inc. v. Workers' Compensation Appeal Board (Plouse)*, 768 A.2d 1193, 1196 (Pa. Cmwlth. 2001). Therefore, once a C&R agreement is approved by a WCJ, and the WCJ's decision has not been appealed within 20 days, the C&R agreement is final, conclusive, and binding on the parties. *Gregory v. Workers' Compensation Appeal Board (Narvon Builders)*, 926 A.2d 564, 567 nn. 6-7 (Pa. Cmwlth. 2007).

However, "[c]ourts may rescind a [C&R] agreement based on a clear showing of fraud, deception, duress, or mutual mistake." *Hoang v. Workers' Compensation Appeal Board (Howmet Aluminum Casting, Inc.)*, 51 A.3d 905, 908 (Pa. Cmwlth. 2012) (citing *North Penn Sanitation, Inc. v. Workers' Compensation Appeal Board (Dillard)*, 850 A.2d 795, 799 (Pa. Cmwlth. 2004)). Notably, the burden to make such a showing rests with the party seeking to set aside the

agreement. *Id.* at 908-09. And, absent a showing sufficient to set aside a C&R agreement, any issue that is not expressly reserved in a C&R agreement may not be raised in a later proceeding. *DePue*, 61 A.3d at 1067; *Department of Labor and Industry, Bureau of Workers' Compensation v. Workers' Compensation Appeal Board (U.S. Food Service)*, 932 A.2d 309, 314-15 (Pa. Cmwlth. 2007).

Moreover, to comply with section 422(a) of the Act, a WCJ's decision must permit adequate appellate review because the purpose of the reasoned decision requirement "is to spare the reviewing court from having to imagine why the WCJ believed one witness over another." *Dorsey v. Workers' Compensation Appeal Board (Crossing Construction Co.)*, 893 A.2d 191, 194-96 (Pa. Cmwlth. 2006). Under section 422(a), a WCJ must adequately explain the reasons for rejecting or discrediting competent evidence when conflicting evidence is presented. *Daniels v. Workers' Compensation Appeal Board (Tristate Transport)*, 828 A.2d 1043, 1047 (Pa. 2003). When witnesses testify only by deposition, the WCJ must articulate an actual objective basis for the credibility determination. *Id.* at 1053. In conducting a reasoned decision analysis, we note that "[s]ection 422(a) does not permit a party to challenge or second-guess the WCJ's reasons for credibility determinations," *Dorsey*, 893 A.2d at 195, and, as the factfinder and sole arbiter of credibility, "the WCJ may reject the testimony of any witness in whole or in part, even if that testimony is uncontradicted." *Serrano v. Workers' Compensation Appeal Board (Chain Bike Corp.)*, 718 A.2d 885, 889 (Pa. Cmwlth. 1998).

Here, we agree with the Board that the WCJ issued a reasoned decision in rejecting Claimant's testimony as not credible. More specifically, the WCJ determined that Claimant's current testimony was directly contradicted by the transcript of the 2003 hearing in which Claimant credibly testified that he understood

8

the full legal significance of the C&R Agreements, and, also, the plain language of the C&R Agreements themselves. *See Benginia v. Workers' Compensation Appeal Board (City of Scranton)*, 805 A.2d 1272, 1279 & n.14 (Pa. Cmwlth. 2002). Moreover, for essentially the same reasons, the WCJ found that Claimant failed to adduce credible evidence establishing that the C&R Agreements should be set aside due to fraud, duress, or deception, or that the parties committed a mutual mistake of fact. In short, the WCJ's findings in these regards rested solely upon the WCJ's determination that Claimant's testimony was not credible. And, because this Court has no basis upon which to disturb the WCJ's credibility determination, we cannot conclude that the WCJ erred in failing to set aside the C&R Agreements. *See Farner v. Workers' Compensation Appeal Board (Rockwell International)*, 869 A.2d 1075, 1078-79 (Pa. Cmwlth. 2005). Consequently, the C&R Agreements remain valid and binding, and we agree with the Board that the WCJ did not err in denying Claimant's Petitions.[5]

Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

---

[5] Based on our review of Claimant's *pro se* brief, Claimant does not make any meaningful argument that Employer violated the Act in intentionally failing to pay past due medical expenses under the C&R Agreements. Even if Claimant could make such an argument, in light of the WCJ's findings on this issue, which are supported by substantial evidence, this Court would be hard pressed to conclude that the WCJ abused his discretion in declining to impose a penalty upon Employer. *See Candito v. Workers' Compensation Appeal Board (City of Philadelphia)*, 785 A.2d 1106, 1108 (Pa. Cmwlth. 2001).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jesse R. May,                :
        Petitioner      :
                      :  No. 575 C.D. 2021
      v.               :
                      :
Dana Corporation (Workers'  :
Compensation Appeal Board),  :
          Respondent  :

## _ORDER_

AND NOW, this 21ˢᵗ day of July, 2022, the March 31, 2021 order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge